(C. D. 750)

Eurasia Import Co., Inc. *v.* United States

## United States Customs Court, Third Division

(Decided March 17, 1943)

*James W. Bevans* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: Plaintiff in this case has filed protest against the refusal of the collector of customs to refund to said plaintiff certain moneys paid in excess of the amount due as customs duties upon an importation of wool felt hat bodies. The goods were imported and entered for warehouse by the Aargol Import Corp. Plaintiff purchased the merchandise while it was still in warehouse from the Chase National Bank. The record fails to disclose the interest of the Chase National Bank in the merchandise but the Government does not dispute the fact of such purchase. It is therefore unnecessary to consider that question. At the time of purchase plaintiff was given a copy of the warehouse entry, an order on the warehouse to deliver the merchandise, and a blanket withdrawal permit. Thereafter the goods were withdrawn from warehouse and the estimated duties paid by the plaintiff. After all of the merchandise had been withdrawn and the estimated duties paid but before the entry had been liquidated, the goods were held to be entitled to a lower rate of duty than that estimated by the collector and paid by the plaintiff, and the entry was liquidated in accordance with such holding. As a result of this liquidation it was found that the estimated duty exceeded the duty found due on liquidation by $212.67. Prior to liquidation the plaintiff-corporation had notified the collector that as transferee of a portion of the goods covered by the importation it claimed a share of the refund applicable to the portion so transferred. This claim was based upon the provisions of section 22 of the Customs Administrative Act of 1938, amending section 557 of the Tariff Act of 1930, by adding a new subsection (b) which reads as follows:

(b) The right to withdraw any merchandise entered in accordance with subsection (a) of this section for the purposes specified in such subsection may be transferred upon compliance with regulations prescribed by the Secretary of the Treasury. So long as any such transfer remains unrevoked the transferee shall have, with respect to the merchandise the subject of the transfer, all rights to file protests, and to the privileges provided for in this section and in sections 562 and 563 of this Act which would otherwise be possessed by the transferor. The transferee shall also have the right to receive all lawful refunds of moneys paid by him to the United States with respect to the merchandise and no revocation of any transfer shall deprive him of this right.

\* \* \* \* \* \* \*

Said section 22 further provides that section 557 as amended "shall be effective with respect to merchandise entered for warehouse prior to, as well as, after" the effective date of the amendment.

The collector in a letter (exhibit 1) refused to recognize plaintiff's claim and informed the plaintiff that the refund would be paid to the original importer of record. The reason given for this refusal was that said section 557 was not construed to be retroactive and that the rights of the plaintiff arose prior to the effective date of the Customs Administrative Act of 1938, *supra*.

Plaintiff thereupon filed the instant protest and asks that this court shall construe said section 557, as amended.

On the part of the Government it is contended that the refusal of the collector to pay the refund to the plaintiff is not a decision, order, or finding entering into the same as to the rate and amount of duties chargeable against which a protest will lie under section 514 of the Tariff Act of 1930. Further it is argued in the Government brief that even if it be assumed that this court has jurisdiction over the question presented, section 557 as amended, *supra*, is not retroactive so as to affect the merchandise here involved.

In support of the first point a number of cases have been cited. The one most nearly analogous in principle to the case before us is that of *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. (Customs) 205, C. A. D. 147. There the court held that the refusal of the collector to post a bulletin notice of liquidation was not a decision or an order or finding entering into the same, as to the rate and amount of duties chargeable. It is interesting to note that the court there, although holding that the protest should be dismissed, nevertheless took occasion to state what it considered the duty of the collector under the circumstances to be. We quote:

In conclusion, we think it proper to say that it is the duty of the collector to complete his liquidation of the entry in the manner provided by law so that the importer, if it sees fit to do so, may protest the liquidation within the time prescribed by section 514, *supra*.

The pleadings before us contain but one claim, viz, the refusal of the collector to recognize the plaintiff as one to whom refund of excess duties should be made. Under the statute conferring jurisdiction upon this court (section 514 of the Tariff Act of 1930) we are without authority to entertain such a claim, but we deem it proper to say that we consider a construction of section 557, *supra*, which results in nullifying the plain wording of the statute should be avoided. It would seem to the court that the intention of Congress is plainly expressed to subrogate the transferee to the position of the transferor in regard to the right to receive refunds. This view is strengthened by the additional provision in said section as amended, that the "section shall be effective with respect to merchandise entered for warehouse prior to, as well as after," the effective date of the amend-

atory act. However, the jurisdiction of this court is limited by statute and we can find no authority to decide the question here presented. Neither have we any power to render a declaratory judgment. We therefore find that the protest should be and the same is hereby dismissed.

Judgment will be rendered accordingly.